534]       *ROSWELL MILLS *v.* JACOB. NOLES.

*Facts tried by Court—Appeal.*

The court of common pleas can not try the facts of a cause without the consent of both parties.

Appeal lies from a judgment in the common pleas, though the trial was irregular.

THE question in this case arose upon a motion to quash an appeal from the court of common pleas of Perry county to the Supreme Court. It came up on a bill of exceptions, and was referred for decision here.

536

Before the meeting of the court of common pleas the plaintiff notified the defendant that he did not propose to try the cause, but meant to suffer a nonsuit and appeal. Accordingly, upon calling the cause in the common pleas, the plaintiff was nonsuit. Afterward a suggestion being started whether an appeal would lie from a voluntary nonsuit, the plaintiff, during the same term, moved to set the nonsuit aside, which was done. He then proposed to submit the cause to the court, to which the defendant objected, but the court overruled his objection, and proceeded to hear the cause, the plaintiff offering no proof. Judgment was given for the defendant, from which the plaintiff appealed.

IRWIN, in support of the motion to quash.

By the COURT:

The court of common pleas ought not to have taken upon themselves the trial of the facts of the cause upon submission without the assent of the defendant. It is only where both parties consent that the court can try the cause. But this mistake can not be corrected upon a motion to quash. Here is a formal decision of the cause, and a judgment rendered, from which an appeal is regularly taken. It can not be quashed.